UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE REBERGER, | Case No.: 2:21-cv-01882-APG-BNW |
| Petitioner, | **Order Denying Emergency Motion for a Stay, Motion for Appointment of Counsel, and Petition for a Writ of Habeas Corpus** |
| v. | |
| EIGHTH JUDICIAL DISTRICT COURT, et al., | [ECF Nos. 1-1, 3] |
| Respondents. | |

Petitioner Lance Reberger has filed a habeas corpus petition under 28 U.S.C. § 2241,[1] an emergency motion for a stay and to hold in abeyance the Eighth Judicial District Court retrial proceedings,[2] and a motion for appointment of counsel.[3]  I conclude that federal-court abstention is appropriate,[4] so I deny the petition and motions.

Reberger was convicted in state court of burglary, robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon.  He filed a habeas corpus petition under 28 U.S.C. § 2254 in this court.[5]  The court granted Reberger relief on his claim that the prosecution knowingly used false evidence to obtain the conviction,[6] conditioned upon the prosecution retrying him.  Retrial is set to start on November 29, 2021.[7]

---

[1] ECF No. 1-1.
[2] ECF No. 3.
[3] ECF No. 1-2
[4] *See* Rules 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.
[5] *Reberger v. Baker*, Case No. 3:13-cv-00071-MMD-CLB.
[6] *See Napue v. Illinois*, 360 U.S. 264, 269 (1959).
[7] ECF No. 3 at 1.

The petition asserts three grounds. In Ground 1, Reberger claims that the introduction of former testimony of any witnesses now deceased will violate the Constitution. In Ground 2, he claims that any sentence for first-degree murder with the use of a deadly weapon greater than what the jury imposed in his first trial will violate the Constitution. In Ground 3, he claims that introduction of state-court evidentiary hearing testimony of his former trial counsel will violate the Constitution. In his emergency motion, he claims that he cannot be retried on the counts of burglary and robbery with the use of a deadly weapon because those sentences have expired.

This court should abstain from intervening in a pending state criminal case unless the extraordinary circumstance of a great and immediate danger of irreparable harm exists.[8] A court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal [petitioner] is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves."[9]

All four *Younger* factors are present here. First, a state-initiated proceeding is ongoing; Reberger's retrial will start on November 29, 2021. Second, the prosecution of crimes is an important state interest. Third, Reberger can litigate these federal constitutional issues in the state proceeding. Indeed, based upon the exhibits Reberger attached to his petition, he has litigated unsuccessfully the issues in Grounds 1 through 3 in the state district court. Reberger

---

[8] *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see also Ex Parte Royall*, 117 U.S. 241, 251 (1886).

[9] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

then filed a petition for a writ of prohibition in the Supreme Court of Nevada.[10] That court denied the petition, noting that these are issues Reberger can raise on direct appeal if necessary.[11] Fourth, the relief that Reberger seeks, enjoining his retrial, would interfere with the state-court proceeding in a way that *Younger* disapproves.

In the emergency motion, Reberger argues that he cannot be retried on the counts with expired sentences because retrial would violate the Double Jeopardy Clause of the Fifth Amendment. A retrial on a matter barred by the Double Jeopardy Clause is itself a constitutional injury; thus, *Younger* abstention would be inappropriate. A pre-trial federal habeas corpus petition under § 2241 is the appropriate way to raise such a double-jeopardy challenge in federal court. *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009). I will address this claim, and I find that no double-jeopardy violation exists.

Reberger bases his claim upon a misinterpretation of an inapposite case: *St. Pierre v. United States*.[12] In federal district court, St. Pierre was convicted of contempt and sentenced to five months' imprisonment.[13] St. Pierre appealed, and the Second Circuit affirmed.[14] St. Pierre then petitioned the Supreme Court for a writ of certiorari, which the Court granted with the request that the parties discuss whether the case had become moot because St. Pierre's sentence had expired before the Court granted the writ of certiorari.[15] The Court stated:

> We are of the opinion that the case is moot because, after petitioner's service of his sentence and its expiration, there was no longer a subject matter on which the judgment of this Court could

---

[10] ECF No. 1-1 at 21.
[11] ECF No. 1-1 at 37-38.
[12] 319 U.S. 41 (1943).
[13] *Id.* at 42.
[14] *Id.*
[15] *Id.*

3

>operate. . . . The sentence cannot be enlarged by this Court's judgment, and reversal of the judgment below cannot operate to undo or restore to petitioner the penalty of the term of imprisonment which he has served.[16]

The Court thus dismissed the case, leaving intact St. Pierre's conviction for contempt.[17] Reberger has misunderstood *St. Pierre*. He thinks the Court dismissed the contempt conviction because St. Pierre had served his sentence. In reality, the Court dismissed St. Pierre's petition, *i.e.*, St. Pierre lost, because the Court determined that it could not grant any relief due to St. Pierre already having served his sentence. Application of *St. Pierre* to Reberger would mean that his convictions for burglary and robbery with the use of a deadly weapon remain intact, and it would not mean that a retrial violates the Double Jeopardy Clause.

Fortunately for Reberger, *St. Pierre* is inapplicable in this situation. All of Reberger's sentences are consecutive. The Supreme Court has held that a series of consecutive sentences should be considered as a continuous stream, and that a person may challenge the validity of a conviction with a consecutive sentence that has expired.[18] If a person received relief on an expired consecutive sentence, then that would back-date the start of the remaining consecutive sentence or sentences, and the ultimate date of release from prison, if available, would advance to an earlier date.[19]

In short, *St. Pierre* does not hold what Reberger thinks it holds. The Double Jeopardy Clause does not bar retrial on a charge which has an already expired sentence. Retrial, if the outcome is more favorable to Reberger, might mean an earlier release from prison.

---

[16] *Id.* at 42-43.
[17] *Id.* at 43.
[18] *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).
[19] *Id.* at 47.

Reasonable jurists would not find my determinations to be debatable or wrong so I will not issue a certificate of appealability.

Additionally, Reberger's emergency motion asks me to order his retrial stayed until I can resolve his grounds for relief. Because abstention is required on grounds 1 through 3, and the ground in the emergency motion is without merit, I deny the motion. Likewise, I deny Reberger's motion for appointment of counsel.

I THEREFORE ORDER the clerk of the court to file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2, respectively.

I FURTHER ORDER that the motion for appointment of counsel is **DENIED**.

I FURTHER ORDER that the emergency motion for a stay **(ECF No. 3) is DENIED**.

I FURTHER ORDER that the petition for a writ of habeas corpus is **DENIED**. The clerk of the court is directed to enter judgment accordingly and to close this action.

I FURTHER ORDER that a certificate of appealability will not issue.

I FURTHER IS ORDER the clerk to add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

I FURTHER ORDER the clerk to provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing. No response by the Attorney General is necessary.

DATED this 30th day of October, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE